Voinchè *vs.* Voinchè.

## No. 6559.

### AUGUSTE VOINCHÈ VS. A. A. VOINCHÈ, ADM., ET ALS. A. A. VOINCHÈ, ADM., ET AL. VS. AUGUSTE VOINCHÈ.

Amendments of pleadings by the lower courts will be sanctioned when they are deemed conducive to the better administration of justice.

The pretension that a monthly allowance to a wife, recognized by a judgment against the husband, is a non-heritable obligation, is not tenable. Whatever is due upon such judgment on the death of the wife passes to her legal representatives.

An execution cannot be enjoined, on a plea of compensation or partial payment, except for the amount thus pleaded in compensation or partial payment. The writ should be executed for the balance.

While it is true that an unliquidated claim cannot be pleaded in compensation against an execution, where it appears that the heirs of a mother had received from their father moneys, and thus became his debtors, and had agreed that he should have their shares of their mother's succession to the extent of their indebtedness to him, they cannot enforce a sale of his property to pay the judgment inherited from their mother to the extent of such indebtedness.

APPEAL from the District Court for Avoyelles. HEWES, J.

*Overton*, and *Barbin* for A. Voinchè Appellant. *Edwards*, and *Joffrion* for Appellee.

On March 1, 1866, Emelie Pochel wife of Auguste Voinche, obtained judgment against him for (1) a monthly allowance or fifty dollars during her natural life; (2) sixteen hundred and fifty dollars with interest. She died and her son A. A. Voinchè is her administrator. In June, 1871, the administrator had execution issued on this judgment, and his father's property was seized to satisfy the balance thereof, certain credits being acknowledged. Auguste Voinchè enjoined the execution of the writ on the ground that he is entitled to additional credits, which he sets forth, which

reduce the balance due by him to $255.97. In the second case a general denial was pleaded, and the special defence was set up that Emelie Pochel's heirs had already received from the father more than their shares of her succession.

After stating the above in detail : —

DE BLANC, J. The plaintiff filed an amended petition, in which he contends that the monthly allowance of fifty dollars was consented to through mere affection for his wife, and constitutes a non-heritable obligation which cannot be enforced by her heirs.

The defendant's counsel excepted on the grounds : —

1. That it changed the nature of the pleading. Which was properly overruled.

The amendment did not change the substance of the action. Adle *v.* Metoyer, 1 Ann. 256.

In answer to plaintiff's supplemental petition, defendant denies that the monthly allowance to Emelie Pochelle was gratutious, or that it was granted through affection for her. They were divorced, compromised as to the property owned in common by them, and the result of this compromise was the basis of the judgment which she obtained against him on the 1st of March, 1866.

The evidence as to the fact that the share of said heirs was to be applied to the payment of what they owe to plaintiff is in the record.

It is true that a debt not liquidated cannot be compensated against an execution. That is the general rule; but there are exceptional cases presenting exceptional features, in which the application of the general rule would most uselessly retard and impede the course of justice. In these cases, much is left to the proper discretion of the judge. If, in this suit, the debts of the succession are paid, if the heirs of Emelie Pochelle are the proprietors of whatever belongs to her succession, they own the judgment which is being executed against their father, and it would be unjust to allow those of said heirs who are his debtors and who have agreed that he should take their share of said judgment, to the extent of their indebtness to him, to sacrifice his property under the execution issued from said judgment.

The pretension of plaintiff that the monthly alllowance of fifty dollars, recognized in the judgment obtained by his wife against him, is an obligation which she alone could have enforced, is not tenable.

---

Whatever was due of that judgment at her death, passed to her legal representatives.

The plaintiff admits that he still owes a balance of $255.97, and that admission, which is not contradicted by his own calculation, precluded the possibility of perpetually enjoining the whole of the execution. The law, on this point, is imperative. " No judgment or execution shall be enjoined, on an allegation of compensation or subsequent payment, except for the amount pleaded in compensation or payment, etc. ; and, for any surplus that may exist, the judgment shall be executed, in all respects, as if no such injunction had been granted. Revised Statutes, sect. 1751.

*Judgment reversed and case remanded to ascertain all the credits, and of permitting plaintiff in injunction to prove how much were the shares of the two heirs, and how much they had received from their father, and to compensate the claims pro tanto.*